STRONG, Appellant, vs. BOWES and another, Respondents.

*March 14 — April 4, 1899.*

*Pledge: Application of payments: Promissory notes.*

One T., with whom a note indorsed in blank had been deposited for safe-keeping, borrowed money from plaintiff and gave him said note as collateral security, the plaintiff receiving the same in good faith, with no knowledge of any defect in T.'s title thereto. When said note became due the other collaterals in plaintiff's hands were sufficient in value to discharge T.'s indebtedness to him, but it had not been discharged. Sometime later T. borrowed a further sum from plaintiff, agreeing that all the collaterals then in the plaintiff's hands should be held as security for it as well as for the prior debt. Subsequently the makers paid to T. the amount of the note and took a receipt, T. claiming that the note had been mislaid and promising to send it when found. T. became insolvent, and the collaterals were insufficient to pay his indebtedness to plaintiff. *Held*, that plaintiff might apply the other collaterals to the payment of the second loan to T., and hold the note in question to secure the first, for which it was pledged before its maturity.

APPEAL from a judgment of the circuit court for Iowa county: GEO. CLEMENTSON, Circuit Judge. *Reversed.*

This is an action upon a promissory note, commenced June 25, 1897. There is no bill of exceptions. The action was tried by the court, who made findings of fact as follows:

"(1) That on the 9th day of March, 1896, the defendants executed and delivered to D. W. Bowes their promissory

note for $276, payable one year after date, with interest at seven per cent., at Cobb, Wisconsin.

"(2) That the payee, D. W. Bowes, shortly after the making of the note, sold it to John Cox, and at the time of the sale indorsed it in blank.

"(3) That on May 12, 1896, Cox left the note thus indorsed with Edward F. Thomas, a merchant of Cobb, for safe-keeping and collection when due.

"(4) That Thomas on the day last named was indebted to the plaintiff, a banker in Dodgeville, on a note and for overdrafts, to the amount of between $1,600 and $1,700, to secure which indebtedness the plaintiff held collateral which Thomas had deposited with him.

"(5) That on May 13, 1896, Thomas arranged with the plaintiff to loan him (Thomas) $1,800 more, and on that day he gave to the plaintiff his (Thomas's) note for this sum, payable one day after date, the understanding at the time between the two being that the plaintiff should furnish to Thomas money as he might call for it and as he might furnish collateral therefor, to the amount of said note.

"(6) That by the 19th day of June, 1896, all of said $1,800 had been advanced by the plaintiff to Thomas upon collateral security, a part of which was said note belonging to Cox, which Thomas had wrongfully appropriated and indorsed with his name in blank before he delivered it to the plaintiff, who received it in good faith.

"(7) That for a time the securities received as collateral for said $1,800 note were kept separate from the securities held by the plaintiff for said prior indebtedness, and, as collections were made upon the securities, the amounts received were applied upon the particular indebtedness for which they were pledged, but about September, 1896, it was agreed between the plaintiff and Thomas that all the collateral securities should be held by the plaintiff as security for all the indebtedness of Thomas to him.

"(8) That on March 9, 1897, the day when the said $275 note given by the defendants, and wrongfully transferred by Thomas to the plaintiff as collateral, became due, the other collateral held by him was ample to pay all of the indebtedness then owing to the plaintiff by Thomas; and before the commencement of this action enough had been collected, or otherwise realized thereon, to the satisfaction of the plaintiff, to discharge all of Thomas's indebtedness existing on that day, unless, by reason of the subsequent transaction now to be set forth, the plaintiff might properly apply, as he did, a part of what he received on such other collateral to the discharge of a subsequent loan made to Thomas, and hold the note in question as collateral for what would remain due upon said $1,800 note, after applying towards its payment the proceeds of said other collateral, less the part thereof taken to discharge said subsequent indebtedness.

"(9) That forty-one days after said note became due — that is, on April 19, 1897 — Thomas borrowed of the plaintiff $280, for which Thomas gave the plaintiff his note. At the time this last loan was made it was agreed between Thomas and the plaintiff that the latter should hold all of the collateral, including the note in suit, for the payment of this $280 note, as well as to secure the payment of the previous indebtedness.

"(10) That on April 30, 1897, the defendants went to Thomas at his store in Cobb, supposing that their note, which Cox had left with him for collection, was in his possession, and paid to him the amount due thereon, and demanded the note. Thomas told them that he had mislaid it, but would find and hand it to them, and for the present would give them a receipt showing that it was paid. This satisfied them. Whether Thomas paid over to Cox the money the defendants paid him on the note the testimony does not show.

"(11) That the collateral placed in the hands of the plaint-

iff by Thomas, including said note given by the defendants, proved insufficient to pay the indebtedness of Thomas to the plaintiff, including said note of $280, made April 19, 1897, by $167.55, and it is to recover this sum on their said note that this action is brought against the defendants.

"(12) That in May, 1897, Thomas failed in business, and was found to be deeply insolvent."

Upon these facts judgment for the defendants was rendered, and the plaintiff appeals.

*Aldro Jenks*, for the appellant.

*J. P. Smelker*, for the respondents.

Winslow, J. It is conceded that the plaintiff acquired a good title to the note in suit, and the right to hold the same as collateral security for the repayment of the $1,800 loaned by the plaintiff to Thomas under the agreement of May 13, 1896, because said note was then indorsed in blank by the owner, and in the possession of Thomas, and received by the plaintiff in good faith, with no knowledge of any defect in the title of Thomas thereto. This being the case, we agree with plaintiff's counsel that the controlling question in the case is simply a question of application of payments. A considerable amount of other collaterals were held by the plaintiff as security for the $1,800 loan. On March 9, 1897, when the note in suit fell due, the other collaterals in plaintiff's hands were sufficient in value to discharge the $1,800 debt, but it had not been discharged. April 19, 1897, Thomas borrowed $280 more of the plaintiff upon his note, and agreed that all the collaterals then in plaintiff's hands should be held as security for it. It may be conceded that this agreement could not affect the note in suit, because it was then past due, but this did not prevent the plaintiff from applying the other collaterals which he held to pay the $280 note, and holding the note in suit to secure the indebtedness of $1,800, for which it was rightfully pledged. This is what

the court finds was done, and this the plaintiff manifestly had a perfect right to do. By so doing he has simply enforced his admitted right to hold the note as collateral for the $1,800 debt, which right he acquired on the 19th of June, 1896.

*By the Court.*— Judgment reversed, and action remanded with directions to enter judgment for the plaintiff in accordance with this opinion.